FILED
 2009 Jul-31  PM 04:25
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| TRACI ANN HILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CV-09-CLS-RRA-1266-NE |
| | ) |
| WARDEN CYNTHIA S. | ) |
| WHEELER-WHITE, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This case is before the court on the petition for writ habeas corpus filed by Tracie Ann Hill pursuant to 28 U.S.C. § 2254. In support of her petition, Hill claims that she is entitled to be awarded jail credit for the time she spent in jail awaiting sentencing and for the time she was out on bond awaiting trial. In an amendment to her petition, filed June 24, 2009, she explained that she had "filed asking for my jail credit to the Circuit Court of Morgan County Alabama as of this date no one will reply." The magistrate judge entered a report and recommendation recommending that the action be dismissed to allow the petitioner to exhaust the remedies available to her in state court.

The petitioner has filed objections. In support of her objections, Hill has submitted a copy of a court order, issued by Morgan County Circuit Judge Glenn

Thompson, amending the sentencing order to grant to Hill "credit for time served . . . according to the Department of Correction's [sic] rules and regulations." She states that although she has "exhausted all state remedies, Judge Thompson has order[ed] this but DOC has not correct[ed] my record." She adds that she has written the courts and the DOC, but has not received any response.

In order to exhaust state remedies completely, a state prisoner must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This process includes an appeal to the Alabama Court of Criminal Appeals, from the trial court's denial of the habeas or collateral petition, an application for rehearing in the Alabama Court of Criminal Appeals, and a petition for a writ of certiorari to the Alabama Supreme Court. *See Pruitt v. Jones*, 348 F.3d 1355 (11th Cir. 2003).

Although the petitioner believes that she has exhausted all available state remedies, it is apparent from the face of her petition that she has not. Hill clearly states in the amendment to her petition and her objections that she has filed a petition with the Morgan County Circuit Court asking them to direct the DOC to award her the jail credit to which she is entitled, but she has not heard from the court. Until the

Alabama courts, all the way through the Alabama Supreme Court, have considered Hill's claims, the claims remain unexhausted, and are prematurely filed in this court.

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved. Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. Accordingly, the petition is due to be dismissed. An appropriate order will be entered.

DONE this 31st day of July, 2009.

_____
United States District Judge